

E. Evans Wohlforth, Jr., Esq.
Director
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4879
sportnoy@gibbonslaw.com

November 19, 2020

**VIA ECF & E-MAIL (CronanNYSDChambers@nysd.uscourts.gov)**
Hon. John P. Cronan, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     **Valentini v. Group Health Incorporated, et al., No. 1:20-cv-09526**

Dear Judge Cronan:

This firm represents Defendant, CareCore National LLC d/b/a eviCore ("eviCore"), in the above action.  Pursuant to Your Honor's Individual Rules, we write to request a pre-motion conference regarding eviCore's anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

Plaintiff Kathleen Valentini ("Plaintiff") alleges that she was denied pre-authorization for coverage of an MRI, ordered for hip pain.  She appealed the denial and it was reversed, all within 24 days of the initial request.  The delay, it is alleged, caused the amputation of Plaintiff's leg, hip and pelvis.  eviCore performs utilization review, including the pre-authorization in this case, under contract with Plaintiff's insurer, Group Health Incorporated ("GHI"), [1]  Although this case relates to the payment of benefits under an insurance contract, Plaintiffs have pled tort law claims against eviCore, including (1) negligence, (2) medical malpractice, (3) *prima facie* tort, (4) fraud, and (5) conspiracy to commit fraud, and various derivative claims.

Plaintiffs' tort theories are novel, and fail to state viable causes of action under New York law.  Accordingly, eviCore believes that a motion to dismiss is warranted and will result in, and intends to seek the dismissal of all claims against it.

***First Cause of Action: Negligence.***  Plaintiffs' negligence claim fails for the fundamental reason that eviCore did not owe a legal duty of care to Plaintiff.  The New York Court of Appeals has never recognized a duty between an insured seeking payment for medical services, and third-parties contracted to conduct utilization review at the request of a health insurer.  In this diversity case, there is no basis to create a novel common law duty of care under state law.

The Third Circuit addressed this precise issue, under New Jersey law, and held that no duty of care was owed by a third-party medical review company, or its physician-employee, when reviewing an insured's request for coverage of a prescribed treatment.  *Skelcy v. UnitedHealth Group, Inc.*, 620 Fed. App'x 136 (3d Cir. 2015).  Although the New Jersey Supreme Court had previously recognized that physicians owe duties of reasonable care in connection with other types of third-party medical examinations, such as pre-employment physicals, the Third Circuit found that insurance utilization review is quite different.  In short, the Court reasoned that, when merely reviewing an insured's medical records for purposes of insurance coverage determinations, a

---

[1] Under the New York Insurance Law, "Utilization Review" is review to determine whether medical services provided or proposed are medically necessary.  N.Y. Ins. Law § 4900(h).

physician lacks the type of "personal interactions" and "relationship" with the insured that could justify imposing a legal duty of care.  *See id.* at 143-44.

The Third Circuit's reasoning is even more persuasive when applied to New York law.  Unlike New Jersey, New York courts have generally declined to impose tort law duties of care on physicians, beyond traditional physician-patient relationships.  *See, e.g.*, *McNulty v. City of New York*, 792 N.E.2d 162, 166 (N.Y. 2003) ("We have been reluctant to expand a doctor's duty of care to a patient to encompass nonpatients."); *Petrosky v. Brasner*, 718 N.Y.S.2d 340 (App. Div. 2001) (no duty in context of pre-insurance physical exam).

eviCore's connection with Plaintiff was limited to determining her entitlement to benefits under an insurance contract.  Thus, any legal duties owed to Plaintiff, if any, were necessarily contractual in nature, and cannot support tort law claims against eviCore.  First, the New York Court of Appeals has held that contractual obligations under an insurance contract do not give rise to independent tort law duties of care.  *New York Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 767-78 (N.Y. 1995).  Second, even if Plaintiffs could maintain a contract-based claim against eviCore, which they cannot, it would not permit recovery for the types of physical and emotional injuries that Plaintiffs allege.  *See, e.g.*, *id.* at 767 ("damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong."); *Klein v. Empire Blue Cross & Blue Shield*, 173 A.D.2d 1006, 1008 (N.Y. App. Div. 1991) ("in an action for breach of contract a plaintiff may not recover for mental or emotional distress.").[2]

The negligence claim fails on its merits for lack of sufficient factual allegations to plausibly establish a breach of any purported duty of care, or causation.  Plaintiffs rely on vague and conclusory statements, such as that Defendants "failed to follow the applicable standard of medical care," and "ran afoul of applicable laws and regulations governing the 'utilization review' process."  (Compl., ¶¶ 21, 42.)  But such allegations "do not satisfy the need for plausible factual allegations," under the *Twombly* and *Iqbal* pleading standard.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 191 (2d Cir. 2010).

Likewise, Plaintiffs' allegations regarding causation are conclusory. Plaintiffs suggest that *if* the MRI had been "conducted in a timely manner," Plaintiff's cancer would have been "*detected*" and "*treated sooner.*" (Compl., ¶ 63.)  But there are no facts pled to suggest that earlier pre-authorization, during the twenty-four days in question, *would have* prevented the need for amputations.  Plaintiffs' characterization of a treating physician's alleged hearsay statement, about the timing of Plaintiff's cancer treatment (Compl., ¶ 12.), is insufficient to "nudge[]" Plaintiffs' negligence claim "over the line from possible to plausible."  *Melvin v. Cty. of Westchester*, 2016 WL 1254394 , at *19 (S.D.N.Y. Mar. 29, 2016).

***Second Cause of Action: Medical Malpractice.*** The claim for medical malpractice should fail for the same reasons as the claim for ordinary negligence.  The Complaint also lacks several other elements specific to claims of medical malpractice.

First, no plausible allegations of a physician-patient relationship appear.  *See Downing v. Phelps*

---

[2] There was, of course, no contractual privity between Plaintiff and eviCore.  eviCore examined, and ultimately granted, Plaintiff's request for pre-authorization pursuant to its contract with GHI.  Plaintiffs apparently recognize as much and they have not pled a breach of contract claim against eviCore.

*Mem. Hosp.*, 2020 WL 4570440, at *7-8 (S.D.N.Y. Aug. 7, 2020).  Second, eviCore's utilization review did not constitute the practice of medicine.  New York law makes clear that determinations of "medical necessity," in this context, relate to coverage determinations; *not* the practice of medicine.  *Compare* N.Y. Ins. Law §§ 4900-4908 (addressing "Registration of Agents and Review Process"), *with* N.Y. Educ § 6521 (defining "practice of medicine").  The limited correspondence from eviCore to Plaintiff and her doctor, as summarily referenced in the Complaint, conclusively demonstrates that eviCore made coverage determinations only.  *Cf. Aetna Health, Inc. v. Davila*, 542 U.S. 200, 205, 219-20 (2004) (under ERISA, denial of coverage is "benefits determination," regardless of medical judgments involved).

***Third Cause of Action: Prima Facie Tort.*** A claim of *prima facie* tort requires an unjustified and intentional infliction of harm, resulting in special damages.  *Curiano v. Suozzi*, 469 N.E.2d 1324, 1327 (N.Y. 1984).  Because the Complaint merely sets forth a "formulaic recitation of the elements," without any facts to support a plausible inference of intentional harm, Plaintiffs have failed to plead a viable cause of action.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

***Ninth Cause of Action: Fraud.*** The claim for fraud should also be dismissed for failure to state a claim, and failure to plead fraud "with particularity" pursuant to Fed. R. Civ. P. 9(b).

First, the Complaint fails to identify a false statement by eviCore; if and when it was made to Plaintiff; or how it induced her detrimental reliance.  Plaintiffs quote statements from eviCore's website, but only make conclusory allegations that the "statements *appear* designed to mislead patients *such as [Plaintiff]*."  (Compl., ¶¶ 51-53.)  *See Employees' Ret. Sys. v. Morgan Stanley & Co.*, 814 F. Supp. 2d 344, 351, 353 (S.D.N.Y. 2011) ("the defendant must actually make a materially false statement to the plaintiff.").

Second, the theory of the case is fundamentally at odds with any claim of reliance on a supposed misrepresentation of fact. On the contrary, Plaintiff disputed eviCore's initial professional judgment as to medical necessity; appealed it; and won its reversal.  She allegedly lacked insurance coverage pending the appeal, but she neither took nor omitted any act in reliance on a statement by eviCore.  *See Mikaelian v. Liberty Mut. Ins.*, 2016 WL 4702106, at *7 (E.D.N.Y. Sept. 8, 2016).

***Tenth Cause of Action: Conspiracy to Commit Fraud.*** New York law "does not recognize civil conspiracy to commit a tort as an independent cause of action."  *McSpedon v. Levine*, 72 N.Y.S.3d 97, 101 (App. Div. 2018).  Even if it did, Plaintiffs do not allege any facts that plausibly suggest an agreement, between the defendants to engage in tortious conduct.

***Derivative Causes of Action.*** If the claims above are dismissed, then the Seventh Cause of Action for loss of services, and Eighth Cause of Action for loss of guidance to a minor child, must also fail because they are derivative.  *See Nealy v. U.S. Surgical Corp.*, 587 F. Supp. 2d 579, 586 (S.D.N.Y. 2008).  And, because "[a] punitive damages claim is [also] derivative," Plaintiffs' Fifth Cause of Action for "bad faith and punitive damages" likewise fails.  *Dunham v. Covidien, LP*, 2020 WL 5995102, at *11 (S.D.N.Y. Oct. 9, 2020).  Accordingly, eviCore's motion to dismiss would be entirely dispositive[3] of the claims against it.

---

[3] To the extent that Plaintiffs' Fifth Cause of Action purports to assert a separate claim of "bad faith," it fails for several reasons, including (1) bad faith breach of contract is not an independent cause of action, (2) Plaintiffs lack contractual privity with eviCore, and (3) it is duplicative of other tort claims.

We thank Your Honor for your kind consideration of this request.

Respectfully submitted,

/s/E. Evans Wohlforth, Jr.

E. E. Evans Wohlforth, Jr.