

E. Evans Wohlforth
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4879 Fax: 973-639-6486
ewohlforth@gibbonslaw.com

December 16, 2020

**VIA ECF & E-MAIL (CronanNYSDChambers@nysd.uscourts.gov)**
Hon. John P. Cronan, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: **Valentini v. Group Health Incorporated, et al., No. 1:20-cv-09526**

Your Honor:

  This firm represents Defendants, CareCore National LLC d/b/a eviCore ("eviCore"), the entity named in the Complaint as Group Health Incorporated now formally EmblemHealth Plan, Inc. (hereinafter for the avoidance of confusion "GHI") and Emblem Health, Inc. ("Emblem") (hereinafter, eviCore and GHI shall collectively be referred to as the "Moving Defendants"), in the above action. Pursuant to Your Honor's Individual Preferences, please accept this letter-motion in support of the Moving Defendants' application to file certain documents associated with their respective Motions to Dismiss under seal and in redacted form.

  Pursuant to Your Honor's Individual Practices, Defendants conferred with and sought consent from Plaintiffs to file this application. Although initially counsel stated they would not consent, we understand that they may reconsider this position. As of the time of filing, however, we have not been finally advised of their position on this application. We will promptly advise the Court as soon as we are told what it will be. We could not postpone this filing because the date was ordered by the Court.

## FACTS

### A. Contents of GHI's Memorandum Of Law To Be Sealed

  The contents of the memorandum of law submitted in support of GHI's Motion to Dismiss that the Moving Defendants are requesting to be filed under seal relate to the protected health information of the Plaintiff. Certification of E. Evans Wohlforth, Jr. in Support of Motion to Seal ("Wohlforth Cert."), ¶2. GHI is legally prohibited from making public disclosures of Plaintiff's protected health information under HIPAA. Moreover, Plaintiff's medical information is of a very private and personal nature. *Id.* ¶3. A proposed, partially redacted version of the Memorandum of Law in Support of Defendant GHI's Motion to Dismiss the Complaint is submitted with this filing for public docketing. The redactions contained therein are limited to the discrete information containing Plaintiff's protected health information. *Id.* ¶4.

### B. Contents of eviCore's Memorandum of Law to be Sealed

GIBBONS P.C.

Hon. John P. Cronan, U.S.D.J.
December 16, 2020
Page 2

The contents of the memorandum of law submitted in support of eviCore's Motion to Dismiss that the Moving Defendants are requesting to be filed under seal relate to (1) the protected health information of the Plaintiff; and (2) highly confidential proprietary information of the Moving Defendants. *Id.* ¶5. eviCore is legally prohibited from making public disclosures of Plaintiff's protected health information under HIPAA. Moreover, Plaintiff's medical information is of a very private and personal nature. Accordingly, references to Plaintiff's medical information require redaction. *Id.* ¶6. The contents of eviCore's memorandum of law that quote from the GHI Comprehensive Benefits Plan (CBP), including the Certificate of Insurance that sets forth the terms of Plaintiff's insurance coverage provided as partial compensation to the employees of the sponsor of the Benefit Plan, GHI's client. This information is competitively sensitive and it would unfairly prejudice and harm the Moving Defendants if released to anyone other than the parties to this action. *Id.* ¶7. A proposed, partially redacted version of the Memorandum of Law in Support of Defendant eviCore's Motion to Dismiss the Complaint is submitted with this filing for public docketing. The redactions contained therein are limited to the discrete information containing Plaintiff's protected health information and the Moving Defendants' confidential proprietary information. *Id.* ¶8.

### C. Exhibits to the Certification of E. Evans Wohlforth, Jr. in Support of the Moving Defendants' Motions to Dismiss

The Moving Defendants seek to file under seal the Exhibits A-F to the Certification of E. Evans Wohlforth, Jr. in Support of the Moving Defendants' Motion to Dismiss, in their entirety. *Id.* ¶9. Exhibit A to this Certification consists of the GHI CBP and Certificate of Insurance, which contains commercially sensitive, confidential, proprietary information. The Moving Defendants request that this Exhibit be filed under seal because disclosure of any portion of the document would result in unfair prejudice and harm to the Moving Defendants. *Id.* ¶10. Exhibits B-F to the Certification consist of correspondence between eviCore, Plaintiff, and her treating physician regarding her medical condition. These documents contain protected health information, which the Moving Defendants are legally prohibited from disclosing. *See* 45 C.F.R. 164.502(a). Because these documents are replete with Plaintiff's protected health information, including diagnoses, treatment protocols, health insurance identification numbers, and related information, the Moving Defendants request that these Exhibits be filed under seal. *Id.* ¶11.

### ARGUMENT

Courts in the Southern District of New York have summarized the legal standard in sealing materials as follows:

> First, a court must determine whether the documents are judicial documents. To qualify as a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process. If the documents are

GIBBONS P.C.

Hon. John P. Cronan, U.S.D.J.
December 16, 2020
Page 3

> deemed non-judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order. If, however, the court determines that the documents are judicial in nature, there is a presumption of public access. Second, the court determines the weight of the presumption. The weight of the presumption is governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts. The material at issue will fall somewhere on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance. Finally, after the court has determined the weight of the presumption of access, the court must balance competing considerations against it. These competing considerations include, *inter alia*, the privacy interests of those resisting disclosure.

*Ello v. Singh*, 531 F. Supp. 2d 552, 582-584 (S.D.N.Y. 2007) (quoting *Lugosch v. Pyramid Co. of Onondaga, LLC*, 435 F.3d 110, 119 (2d Cir. 2006)); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)("[C]ourts should first consider the degree to which the subject matter is traditionally considered private rather than public. . . . [as well as] [t]he nature and degree of injury [from having such information made public] must also be weighed.").

Here, the documents the Moving Defendants seek to seal are judicial documents, as they are relevant to the Court's adjudication of the Moving Defendants' Motions to Dismiss. Accordingly, these documents are entitled to a presumption of public access. However, this presumption of public access is overcome by the Moving Defendants' interest in preserving the confidentiality of the documents at issue. As discussed above, the redacted portions of the Moving Defendants' Memoranda of Law and sealed Exhibits to the Wohlforth Certification contain (1) protected health information that the Moving Defendants are legally prohibited from disclosing under HIPAA; and (2) confidential, competitively sensitive, proprietary information, the disclosure of which would harm and prejudice the Moving Defendants.

## CONCLUSION

For the reasons set forth herein, the Moving Defendants respectfully request that the Court enter an Order sealing certain contents of eviCore's and GHI's respective Motions to Dismiss. The sealed documents and proposed redacted documents have been publicly filed on the docket contemporaneous with the filing of this letter-motion.

GIBBONS P.C.

Hon. John P. Cronan, U.S.D.J.
December 16, 2020
Page 4

                                  Respectfully,

                                  *s/ E. Evans Wohlforth, Jr.*

                                  E. Evans Wohlforth, Jr.

cc:  Steve Cohen, Esq. (via e-mail and FedEx)
      Jordan K. Merson, Esq. (via e-mail and FedEx)