

**Merson Law, PLLC**
950 Third Avenue, 18th Floor
New York, NY 10022
212-603-9100
Facsimile 347-441-4171
www.mersonlaw.com
Please mail all correspondence to NY office

**Merson Law, PLLC**
Pennsylvania Office
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

December 17, 2020

**VIA ECF**

Honorable John P. Cronan, U.S.D.J.
United States Courthouse
550 Pearl Street
New York, NY 10007

      **Re: Valentini v. Group Health Inc., et al., No. 20 Civ. 09526**

Dear Judge Cronan:

      With Pollock Cohen, my firm represents the plaintiffs in this matter and we write in opposition to defendants' December 16, 2020 letter concerning their desire to seal their motion to dismiss.

      We are becoming increasingly concerned with defendants' representations to the court and engaging in unnecessary motion practice in this case. For example, defendants' claim that they "conferred with and sought consent from Plaintiffs to file this application," and "as of the time of filing, however, we have not been finally advised of their position of this application." (See 12/16/18 Ltr at p. 1). However, what actually occurred is all in emails. Defense counsel made the most meager and cursory attempt to consult with plaintiffs in a transparent rush to file their letter motion to seal. Plaintiffs repeatedly asked for the basis as to why any documents needed to be sealed and to see those documents. Defendants initially claimed plaintiffs' health information required sealing under HIPAA. When plaintiffs responded that was not true, there was not any explanation in response, but defendants then claimed that their Plan required sealing. Then when plaintiffs asked to view the Plan to determine if they would consent, defendants vacillated back to claiming that multiple documents needed to be sealed. These documents, totaling almost two hundred pages of mostly small font were provided to plaintiffs after 4:00 pm yesterday. About two hours later, defendants indicated that they did not want to wait any longer and were going to file. This cannot be considered a good faith effort to resolve this matter before burdening the court, but significantly, defense counsel omitted all of this and merely represented to this Court that they

"conferred with and sought consent from Plaintiffs to file this application," and "as of the time of filing, however, we have not been finally advised of their position of this application." (*See* 12/16/18 Ltr at p. 1).

The substance of defendants' "letter motion" should be similarly scrutinized. Defendants claim that "GHI is legally prohibited from making public disclosure of Plaintiff's protected health information under HIPAA." (*See* 12/16/18 Ltr at p. 1). As already advised to defendants, this is not true. Thousands of medical malpractice cases are publicly filed without any motions being sealed. Having handled hundreds of medical malpractice lawsuits myself, I have never even heard of defendants trying to file a motion under seal. Indeed, the case law is pristinely clear that the HIPAA protections for disclosure of health information are not applicable when a plaintiff puts her health information at issue. *See Vargas v. United States*, 401 F. Supp. 3d 346 2018 WL 9786110 (E.D.N.Y., 2018), *Koump v. Smith*, 25 N.Y. 2d 287 (Ct. of Appeals, 1969), *Arons v. Jutkowitz*, 9 N.Y. 3d 393 (Ct of Appeals, 2007), *Browne v. Horbar*, 6 Misc. 3d 780 (New York Cty, Sup Ct., 2004). Further, the Complaint waived all privacy protections and, to the extent that that was not already clear, we have no objection to the inclusion of the Plaintiff's protected health information in Defendants' filings. Accordingly, there is no basis for their sealing request. (Defendants must still, of course, observe the requirements of Rule 5.2.)"

Moreover, because defendants' conduct is so reprehensible, there already has been widespread media coverage on this case that has included plaintiffs' health information, which also is in the publicly filed complaint. Therefore, there is no basis whatsoever to seal defendants' filings that include plaintiff's medical information.

Defendants stunningly represented to this Court that the GHI Comprehensive Benefits Plan (CBP) including Certificate of Insurance is "competitively sensitive and it would unfairly prejudice and harm the Moving Defendants if released to anyone other than the parties to this action." (*See* 12/16/18 Ltr at p. 2). However, the CBP is publicly available. *See e.g.* https://www.emblemhealth.com/resources/city-of-new-york-employees/ghi-cbp.

Indeed, this morning, defense counsel advised that they were withdrawing this relief. Had defense counsel engaged in an actual good faith process with plaintiffs, and internally, before filing one motion after the next, this would have been avoided and the Court would not be forced to expend valuable judicial resources. Plaintiffs reserve their rights to apply for Rule 11 relief given defendants' conduct, and in response to defendants' request, there is no reason to seal any portion of their motion to dismiss. Defendants should withdraw their motion immediately.

We appreciate Your Honor's time and attention to this matter.

Respectfully,

Jordan Mesa

cc: Steven Cohen, Esq. (via ecf filing)
    E. Evans Wohlforth, Jr. (via ecf filing)