UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                              :
KATHLEEN VALENTINI et al.,                      :
                                              :
                        Plaintiffs,                :
                                              :      20-CV-9526 (JPC)
      -v-                                          :
                                              :      <u>ORDER</u>
GROUP HEALTH INCORPORATED et al.,     :
                                              :
                        Defendants.             :
                                              :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On December 16, 2020, Defendants CareCore National LLC d/b/a eviCore ("eviCore"); the entity named in the Complaint as Group Health Incorporated, which is now formally EmblemHealth Plan, Inc. ("GHI"); and Emblem Health, Inc. ("Emblem") filed a letter requesting leave to file certain exhibits, as well as references to those exhibits in their respective Motions to Dismiss, under seal. (Dkt. 16.) In that request, Defendants sought to seal (1) the GHI Comprehensive Benefits Plan and (2) Plaintiff's medical records, which Defendants contend are protected by the Health Insurance Portability and Accountability Act ("HIPAA"). (*Id.*) On December 17, 2020, Defendants filed a letter seeking to withdraw their motion to seal the GHI Comprehensive Benefits Plan. (Dkt. 28.) Later that day, Plaintiffs filed a letter opposing Defendants' motion to seal and reserving their right to seek sanctions under Federal Rule of Civil Procedure 11 against Defendants for filing that motion. (Dkt. 34.) On December 21, 2020, pursuant to an Order from the Court (Dkt. 36), Defendants filed a response to Plaintiffs' letter (Dkt. 39).

## I.      Legal Standard

HIPAA and the accompanying regulations promulgated by the United States Department

of Health & Human Services exempt from disclosure "protected health information" "except as permitted or required by" 45 C.F.R. Pt. 164, Subpt. E and 45 C.F.R. Pt. 160, Subpt. C. *See* 45 C.F.R. § 164.502(a).  The term "health information" covers, among other things, "past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual." *Id.* § 160.103.

Courts in this Circuit generally take two approaches to sealing medical records.  Some courts hold that there is no common law or First Amendment right to medical records protected by HIPAA.  *See Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 445 (E.D.N.Y. 2016) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information."), *vacated in part on other grounds*, 676 Fed. App'x. 51 (2d Cir. 2017).  Other courts apply the traditional balancing test outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  *See, e.g.*, *United States v. King*, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012); *Northrop v. Carucci*, No. 304 Civ. 103 RNC, 2007 WL 685173, at *3 n.6 (D. Conn. Mar. 5, 2007).  Under that test, in considering a request for sealing of judicial documents—such as filings in connection with a motion to dismiss— a court must analyze the weight of the presumption of access, and balance competing considerations to determine if sealing is warranted.  *Lugosch*, 435 F.3d at 119–20.  "'[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

## II. Discussion

Defendants seek leave to file Plaintiff's medical records under seal on the basis that they

are prohibited from disclosing those records under HIPAA.  Plaintiffs oppose Defendants' request, first contending that "case law is pristinely clear that the HIPAA protections for disclosure of health information are not applicable when a plaintiff puts her health information at issue."  ((Dkt. 34 at 2 (citing *Vargas v. United States*, 401 F.Supp. 3d 346 (E.D.N.Y. 2018), *Koump v. Smith*, 25 N.Y.2d 287 (Ct. of App. 1969), *Arons v. Jutkowitz*, 9 N.Y.3d 393 (2007), and *Browne v. Horbar*, 792 N.Y.S.2d 314 (Sup. Ct. 2004).)

Plaintiffs' argument is unavailing.  The cases that Plaintiffs cite support the commonsense proposition that a plaintiff cannot bring a lawsuit, put her health at issue, and then prevent the opposing party from obtaining records relevant to those claims.  Whether a defendant must, or is even permitted to, file a plaintiff's medical records on the public docket is a different question altogether.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[P]retrial depositions and interrogatories are not public components of a civil trial.").  In fact, because a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA.  *See, e.g.*, *McCracken v. Verisma Sys., Inc.*, No. 6:14 Civ. 06248 (MAT), 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017).

Plaintiffs further contend that "the Complaint waived all privacy protections" and that Plaintiffs have "no objection to the inclusion of the Plaintiff's protected health information in Defendants' filings."  (Dkt. 34 at 2.)  Defendants respond that they "are far from comfortable" concluding that the filing of the Complaint constituted a knowing waiver of any rights.  (Dkt. 39 at 1.)  At this time, Plaintiffs have provided no support for their assertion that they have properly waived their confidentiality rights such that Defendants would not violate HIPAA if they were to file the documents publicly.  Moreover, for the reasons outlined above, the Court does not agree that filing a complaint absolutely waives any right to privacy.

Therefore, the Court turns to whether sealing is warranted under *Lugosch*.  In this case, the

3

medical filings, when submitted in connection with the Motions to Dismiss, are judicial documents.  *See Lugosch*, 435 F.3d at 119 (stating that a common law presumption of access attaches to a "judicial document," which is one "relevant to the performance of the judicial function and useful in the judicial process" (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  There is at least some presumption of public access to these documents, as they "directly affect an adjudication" and are central to "the exercise of Article III judicial power." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

However, there are important countervailing interests here, namely Plaintiffs' privacy interests and Defendants' legal obligations under HIPAA.  Although this case is unusual because Plaintiffs are not resisting disclosure, it appears from their letter they are of the mistaken belief that they have no privacy interests here and that HIPAA does not apply.  The Court finds therefore concludes that Plaintiffs' privacy interests and Defendants' legal obligations outweigh the presumption of public access at this time.  Importantly, Plaintiffs have not sought to compel Defendants to disclose any information in this case, but are rather simply opposing Defendants' efforts to comply with their legal obligations.  Accordingly, Defendants' request to withdraw their motion to seal the GHI Comprehensive Benefits Plan is GRANTED, and their motion to seal Plaintiff's confidential health records and references to those records in their Motions to Dismiss is GRANTED.  This Order, of course, does not address Plaintiffs' right to disclose any personal medical records in their own motion practice.

The Clerk of the Court is respectfully directed to close the motions pending at docket numbers 16 and 28.

SO ORDERED.

Dated: December 23, 2020  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge