

E. Evans Wohlforth
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4879 Fax: 973-639-6486
ewohlforth@gibbonslaw.com

February 9, 2021

**VIA ECF & E-MAIL (CronanNYSDChambers@nysd.uscourts.gov)**
Hon. John P. Cronan, U.S.D.J.
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: **Valentini v. Group Health Incorporated, et al., No. 1:20-cv-09526**

Your Honor:

This firm in association with the firm of Post & Post, LLC represents Defendants, CareCore National LLC d/b/a eviCore ("eviCore"), Group Health Incorporated ("GHI") and Emblem Health, Inc. ("Emblem") (collectively, "Defendants"), in the above action. In accordance with Your Honor's Individual Rule 5.C, Defendants respectfully submit this letter-motion to request that discovery be stayed pending the Court's ruling on Defendants' dispositive Motions to Dismiss. After conferring with opposing counsel, Plaintiffs do not consent to this request for a stay.

The Court is already familiar with the factual background of this action and summarizing it here would unnecessarily reveal protected personal health information. On October 6, 2020, Plaintiffs filed suit in the Supreme Court of New York asserting novel tort claims against all defendants for negligence, medical malpractice, *prima facie* tort, fraud, and conspiracy to commit fraud, and derivative claims for punitive damages, loss of services, and loss of guidance to a minor child. Plaintiffs also assert contract-based claims against GHI and Emblem for breach of contract and breach of the implied covenant of good faith and fair dealing. eviCore removed the case to this Court based on diversity of citizenship. (ECF No. 1.)

On December 16, 2020, eviCore and GHI filed Motions to Dismiss seeking the dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). (ECF Nos. 17 & 18.) As of February 4, 2021, the Motions to Dismiss are fully briefed. (ECF Nos. 43 & 49.) Discovery has not yet commenced. An Initial Pre-Trial Conference is set for February 18, 2021. (ECF No. 44.) In the Motions to Dismiss, Defendants have presented substantial grounds for dismissal of the entire Complaint. Even a partial grant of the Motions would radically narrow the diverse areas of discovery this case would otherwise require. Defendants submit that a stay is therefore warranted to avoid potentially unnecessary and burdensome discovery pending the outcome of the Motions.

**I. Good Cause Exists For a Stay of Discovery**

"Upon a showing of good cause, a district court has considerable discretion to stay discovery pursuant to [Fed. R. Civ. P.] 26(c)." *Al Thani v. Hanke*, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (Cronan, J.). In analyzing good cause, courts in this District generally consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *New York v. Pa. Higher Educ. Assistance Agency*, 2020 WL 605944, at *1

Gibbons P.C.

Hon. John P. Cronan, U.S.D.J.
February 9, 2021
Page 2

(S.D.N.Y. Feb. 7, 2020); *Orlando v. Nxt-ID Inc.*, 2020 U.S. Dist. LEXIS 191353, at *3 (S.D.N.Y. Oct. 15, 2020). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *New York*, 2020 WL 605944, at *1 (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Here, the relevant factors heavily favor a stay of discovery.

### A. Factor 1--A Strong Showing that Plaintiffs' Claims Are Meritless.

A stay of discovery is warranted because Defendants have presented "substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit." *Spencer Trask*, 206 F.R.D. at 368. Indeed, Defendants' Motions raise numerous challenges to the core legal sufficiency of Plaintiffs' claims, not merely technical pleading deficiencies.

For example, Defendants seek the dismissal of Plaintiffs' primary negligence claims on grounds that neither eviCore nor GHI owed cognizable duties of care under New York tort law. Plaintiffs concede, in their Opposition, that "New York courts have not yet addressed a tort duty of care in the context of [insurance] utilization review." (ECF No. 43, at 15.) And Defendants have identified compelling authorities to support their position, including a decision by the Third Circuit Court of Appeals that rejected identical claims under New Jersey law. *Skelcy v. UnitedHealth Grp., Inc.*, 620 Fed. App'x 136 (3d Cir. 2015); *see, e.g.*, *Logan v. Empire Blue Cross & Blue Shield*, 275 A.D.2d 187, 193 (N.Y. App. Div. 2000) (holding that health insurance contract does "not create a relationship for which a duty is owed . . . separate from the contractual obligation").

Plaintiffs' contract-based claims against GHI are similarly deficient. Plaintiffs cannot establish recoverable contract damages. Their alternative claim for breach of the implied covenant fails as a matter of law. (*See* Defs' Reply Mem. of Law, ECF No. 49, at 17.) Likewise, Plaintiffs' fraud and conspiracy claims are specious, at best. Resorting in the Opposition to new theories not pled in the Complaint, Plaintiffs effectively concede that they have failed to allege fraud with the requisite particularity, and even now cannot identify how Plaintiff actually *relied* on any "fraudulent" statement. (*See id.* at 16-17.)

Of course, the Court need not predict the outcome of Defendants' Motions now. It is sufficient that Defendants have raised "several arguments that 'are well-founded in the law,'" which are "potentially meritorious" and "could 'significantly narrow' the scope of discovery." *Orlando*, 2020 U.S. Dist. LEXIS 19353, at *3 (citations omitted). Under similar circumstances, Courts in this District have frequently granted stays of discovery. *See, e.g.*, *Al Thani*, 2021 WL 23312, at *1 (granting partial stay where it appeared defendants "made several substantial arguments for the dismissal of [the] suit"); *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where defendants presented "substantial argument" for dismissal of some, if not all, claims); *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting stay where defendant presented non-frivolous arguments that "may warrant dismissal of Plaintiff's entire complaint").

GIBBONS P.C.

Hon. John P. Cronan, U.S.D.J.
February 9, 2021
Page 3

### B. Factor 2--A Stay Will Prevent Burdensome and Potentially Unnecessary Discovery.

Requiring discovery during the pendency of dispositive motions that "may significantly narrow, if not eliminate, the issues remaining in the case . . . would waste the parties' resources and would constitute an undue burden." *Rivera*, 1997 WL 86394, at *1; *see also Boelter*, 2016 WL 361554, at *5 ("[B]ecause succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant."); *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (staying discovery to avoid "significant burden on defendants in the face of a seemingly strong motion to dismiss").

Discovery in this matter, if it ever commences, will be wide-ranging, complex and expensive. Plaintiffs' claim of a fraudulent conspiracy, would by itself open entire new territories of discovery—if it survives the Motions. Indeed, in a pre-litigation demand letter, Plaintiffs' Counsel stated that, in addition to "documents and information concerning [the Plaintiff]," "[w]e will also be seeking in discovery of [sic] any other instances of denial of coverage for medical treatment, delay in medical treatment as a result of Emblem Health and/or other related malfeasance[.]" Further, because Plaintiffs reside in North Carolina, relevant medical records, treating physicians, and other witnesses, are located out of state. Consequently, discovery will necessarily require the issuance (and potentially judicial enforcement) of interstate subpoenas, and depositions of out-of-state witnesses. Wherever it occurs, discovery will also unquestionably include significant depositions and discovery from non-party medical providers, complicated by the global pandemic. All of this would be obviated if Defendants' Motions to Dismiss are granted.

### C. Factor 3--No Unfair Prejudice Would Result From a Stay.

Because Defendants' Motions to Dismiss are fully briefed, a stay would be relatively short. Plaintiffs only filed suit four months ago, and the Initial Pre-Trial Conference is scheduled for February 18, 2021. *See New York*, 2020 WL 605944, at *1 (finding stay would not cause undue delay when complaint was filed four months earlier); *Rivera*, 1997 WL 86394, at *1 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."). Furthermore, there is no foreseeable risk for a loss of relevant evidence or witnesses. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008).[1]

For the foregoing reasons, this Court should stay all discovery pending the determination of eviCore's and GHI's pending Motions to Dismiss. We thank Your Honor for your kind consideration of this request.

---

[1] A stay would also be consistent with the policy of the Federal Rules of Civil Procedure, that a defendant should not be subjected to discovery unless the plaintiff has alleged a viable claim for relief. *See, e.g.*, *Main St. Legal Servs. v. NCS*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery." (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

GIBBONS P.C.

Hon. John P. Cronan, U.S.D.J.
February 9, 2021
Page 4

Respectfully submitted,

*s/ E. Evans Wohlforth, Jr.*

E. Evans Wohlforth, Jr.

cc: Steve Cohen, Esq. (via ECF and email)
    Jordan K. Merson, Esq. (via ECF and email)

It is hereby ORDERED that Plaintiffs shall have until February 16, 2021 to respond to Defendants' letter-motion, and Defendants shall have until February 19, 2021 to submit a Reply, if any.

SO ORDERED.

Date:  February 9, 2021
        New York, New York

                                                  JOHN P. CRONAN
                                                  United States District Judge