**Merson Law, PLLC**
950 Third Avenue, 18th Floor
New York, NY 10022
212-603-9100
Facsimile 347-441-4171
www.mersonlaw.com
Please mail all correspondence to NY office



**Merson Law, PLLC**
Pennsylvania Office
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

<u>**VIA ECF**</u>                                                                                                 February 16, 2021

Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Valentini v. Group Health Inc., et al., No. 20 Civ. 09526**

Dear Judge Cronan:

With Pollock Cohen LLP, my firm represents the plaintiffs in this matter, and we write in opposition to defendants' February 9, 2021 letter to stay this action.

The current motion by Defendants is not their first attempt to hide the horrific facts of this case. An earlier effort to seal proceedings was based on the claim that the insurance policy issued by Defendants is "competitively sensitive and it would unfairly prejudice and harm … Defendants if released to anyone other than the parties to this action" (*see* Defendants' 12/16/18 Ltr, p. 2). Only after Plaintiff pointed out that the policy is publicly available to anyone on the Defendant's website, did the Defendants withdraw their preposterous claim.

Again, Defendants are rushing to court to thwart discovery of their conduct. On February 8, 2021, Defendants' counsel emailed Plaintiffs' counsel about various proposals exchanged for the discovery schedule in this case. At 6:09 PM the next day we responded with a suggested approach and proposed a discussion. Seven minutes later, Defendants filed their letter motion for a stay.

Defendants claim they are entitled to a stay because that "will prevent burdensome and potentially unnecessary discovery." Remarkably, Defendants' basis for this inaccurate claim is a pre-suit letter sent to Defendants, clearly marked "for settlement purposes only"—a violation of F.R.E 408. If Defendants refuse to have good faith discussions in this case, the burden on this Court and the parties will significantly and unnecessarily increase.

<u>**A Stay is Not Supported by the Law or Facts: the Plaintiffs' Claims Have Merit**</u>

Defendants' motion for a stay should be denied.  "A stay involves extraordinary relief." *See In re Pine Lake Village Apartment Co.*, 21 B.R. 395, 398 (S.D.N.Y. 1982).  This remains true when a dispositive motion is filed.  "A motion to dismiss does not automatically stay discovery, except in cases covered by the PSLRA." *See Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Thus, "discovery should not be routinely stayed simply on the basis that

a motion to dismiss has been filed." *See Hong Leong Fin. Ltd.*, 297 F.R.D. at 72; *In re WRT Energy Sec. Litig.*, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996).

The very factors articulated by defendants underscore why their stay request should be denied. Defendants simply have not made the requisite "**strong** showing that plaintiffs' claims are meritless." While Defendants claim (at p. 2) that "New York courts have not yet addressed a tort duty of care in the context of [insurance] utilization review," they ignore the Second Circuit's decision in *Cicio v. Does* observing that "although prospective utilization review involves no traditional face-to-face clinical encounter, it is still quasi-medical in nature.… [A]s other courts have noted, a system of prospective decision-making influences the beneficiary's choice among treatment options to a far greater degree than does the theoretical risk of disallowance of a claim facing a beneficiary in a retrospective system…. These medical decisions have possibly dispositive consequences for the course of treatment that a patient ultimately follows." 321 F.3d 83, 98–99 (2d Cir. 2003), *rev'd on other grounds sub nom. Vytra Healthcare v. Cicio*, 542 U.S. 933 (2004) (citations and internal quotations omitted).

Further, New York has a well-developed body of tort law that confirms a duty is owed here. In *Eiseman v. State*, 70 N.Y.2d 175, 188 (1987) the New York Court of Appeals described the scope of duties owed by a physician who inaccurately completed a health report supplied in connection with admission to a college program: "In completing this particular report, the physician plainly owed a duty of care to his patient and to persons he knew or reasonably should have known were relying on him for this service to his patient." 70 N.Y.2d 175, 188 (1987). In other words, where specific non-patients will rely on the physician's work, New York law recognizes a duty. *See Tenuto v. Lederle Labs.,* 90 N.Y.2d 606, 612 (1997). There is nothing "novel" about applying long-standing New York precedents to an analogous scenario involving utilization review.

The weakness of Defendants' position is underscored by their heavy reliance on an unpublished Third Circuit decision applying New Jersey law, which is not even binding precedent in that Circuit. Not only does *Skelcy v. UnitedHealth Grp., Inc.*, 620 Fed. App'x 136 (3d Cir. 2015) carry little, if any, weight concerning whether plaintiffs' claims would succeed as a matter of New York law, but a simple analysis of the facts distinguishes it from Kathleen Valentini. The utilization reviewer in *Skelcy* recommended an alternate treatment that was never shared with the patient. The Third Circuit specifically noted the absence of any direct communications between the utilization reviewer and the patient as a key factor in its decision. Here, Defendants communicated their alternate treatment recommendations directly to Kathleen, with the stated intention of directing the course of her treatment. And they did, in fact, alter the course of her treatment, with fatal results.

Defendants conveniently ignore other (published and precedential) non-New York cases. Courts outside New York have allowed tort claims based on negligent utilization reviews. *See, e.g., Long v. Great W. Life Annuity Ins. Co.*, 957 P.2d 823, 828 (Wyo. 1998) ("courts have recognized that utilization review is medical decision-making, and a plan administrator that involves itself in a medical decision that amounts to a denial of treatment is making a medical decision."); *see also Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1602–03 (2d Dist. 5th Div. 2009) ("claims administrator owes a duty of due care to members of a health care plan to avoid physical harm to plan members resulting from its administration of benefits . . . ."). New York law clearly

requires that Defendants' physician reviewer who made medical decisions for Ms. Valentini do so in accordance with the prevailing standard of care.

Defendants' throw-away statement that "plaintiffs cannot establish recoverable contract damages" is not supported by any explanation whatsoever. In fact, it is belied by their reliance on *Logan*. There, the court said there was a contractual relationship between the parties existed, but denied an independent tort claim because the treatment being sought was experimental. Kathleen's MRI was not experimental.

Plaintiffs' claims have merit, and Defendants' argument fails to satisfy even the first prong.

**There will be no Unnecessary Discovery or Burden on the Defendants**

Defendants' argument that discovery would be burdensome because they are confident their case will prevail puts the cart before the horse, and would result in a stay in every case *Cf. Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y.2002) (observing that a stay pending the outcome of a motion to dismiss is "by no means automatic").

And they fail to put forth any reasonable proof of burden. Instead Defendants' argue that discovery will be extensive because plaintiffs will seek discovery concerning other instances where Defendants engaged in similar misconduct. But this only serves to confirm the existence of Defendants' fraudulent scheme. Defendants should not be allowed to complain about the scope of their own misconduct as a basis to avoid discovery of its full details.

Plaintiffs also disagree that discovery will be "wide-ranging, complex and expensive." This case deals with the Defendants' inappropriate medical    advice to a single individual over a 42 day period; and their policy and practice concerning their denial of basic medical care. This is not a class action in which discovery could cost millions of dollars.   And there is no reason to believe the parties will encounter any difficulties obtaining out-of-state documents. By Defendants' logic, we should start sooner. *In re Chase Manhattan Corp. Sec. Litig.*, No. 90 CIV. 6092 (LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991) (denying a motion to stay, noting that "commencement of the discovery process, while no doubt imposing some burden on defendants, will advance the ultimate disposition of this action … particularly" when there were discovery disputes that would "take some time" to resolve).  During the Covid pandemic, almost everyone has learned to take video deposition efficiently and with minimal burden. One way to make discovery less expensive is for the parties to cooperate, which we urge defendants to do.

**A Stay Would Unfairly Prejudice the Plaintiffs**

Defendants also are wrong that the stay of discovery will not prejudice plaintiffs. Mr. Valentini's wife has died due to defendants' unlawful conduct and her teenage son has lost his mother. They have earned the right to proceed with this case and they need answers, not procedural posturing and indefinite delay. There is no legitimate reason why discovery cannot begin while the motion to dismiss is pending. The old adage "justice delayed is justice denied" rings especially true for the Valentini family here.  As such, we respectfully request that the parties move forward with discovery immediately and proceed with the already scheduled conference.

We appreciate Your Honor's time and attention to this matter.

Respectfully,

Jordan K. Merson

cc: All Parties (Via ECF)