UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
: 
KATHLEEN VALENTINI et al., :
:
Plaintiffs, :
: 20 Civ. 9526 (JPC)
-v- :
: ORDER
:
GROUP HEALTH INCORPORATED et al., :
:
Defendants. :
:
----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On October 6, 2020, Plaintiffs filed suit in the Supreme Court of New York against Defendants Group Health Incorporated ("GHI"), CareCore National LLC d/b/a eviCore ("eviCore"), and Emblem Health, Inc. ("Emblem"), asserting claims of negligence, medical malpractice, prima facie tort, fraud, and conspiracy to commit fraud, and derivative claims for punitive damages, loss of services, and loss of guidance to a minor child. Dkt. 1 at 9-30. Plaintiffs also assert breach of contract and breach of the implied covenant of good faith and fair dealing claims against GHI and Emblem. *Id.* eviCore removed the case to this Court on November 12, 2020 based on diversity of citizenship. *Id.* at 1-5. On December 16, 2020, GHI and eviCore each moved to dismiss Plaintiffs' Complaint (the "Motions to Dismiss"). *See* Dkts. 17-27; *see also* Dkts. 29-31. Now before the Court is GHI, eviCore, and Emblem's letter-motion seeking to stay discovery pending the Court's ruling on the Motions to Dismiss. Dkt. 50.[1] For the reasons that follow, the motion to stay discovery is granted.

---

[1] Until recently, Emblem argued that it had not been properly served. *See, e.g.*, Dkt. 1. On March 2, 2021, however, Emblem stated that it had been properly served on February 22, 2021 and that it would file a response "within the time specified by the Rules of the Court." Dkt. 57.

## I. Legal Standard

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted). In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). Courts generally consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey*, 316 F. Supp. 3d at 677.

## II. Discussion

Defendants here have filed two Motions to Dismiss, which could result in dismissal of some, if not all, of Plaintiffs' claims. Having reviewed those motions and the parties' letter briefing regarding the proposed stay, the Court concludes that the strength of the Motions to Dismiss, the wide-ranging and burdensome discovery sought by Plaintiffs, and the minimal prejudice to Plaintiffs that would result from a stay, all weigh in favor of granting the stay.

First, while not ruling on the merits of the Motions to Dismiss, the Court emphasizes that Defendants have made several substantial arguments in favor of dismissal of this suit. For example, as even Plaintiffs recognize, Plaintiffs' tort claims concern unsettled areas of New York law, *see* Dkt. 43 at 15, and Defendants have provided several reasons why this Court should not apply existing New York tort law principles to cover this case. And while Plaintiffs make much of the Second Circuit's decision in *Cicio v. Does* in opposing both the Motions to Dismiss and the

letter-motion seeking a stay, that case is by no means conclusive. *See* 321 F.3d 83, 92 (2d Cir. 2003) ("We do not, however, draw any conclusion about the availability of a malpractice claim in these circumstances under New York law, or whether any of the elements of such a claim, if it exists, would be satisfied by the facts as alleged in this case."). Accordingly, while the Court does not prejudge the merits of this case, Defendants have made a sufficient showing on the merits, which could potentially be dispositive, that weighs in favor of a stay. *See Ellington Credit Fund, Ltd.*, 2008 WL 11510668, at *3 ("Without prejudging the merits of the motion to dismiss, the Court finds that these arguments are potentially dispositive and sufficiently substantial to support a stay of discovery."); *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12 Civ. 38 (RNC), 2012 WL 2944357, at *4 (D. Conn. July 18, 2012) ("The defendant's motion is potentially dispositive and appears to have substantial grounds."); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (granting a stay where the defendants' motion "appears not to be unfounded in the law").

The burden on Defendants of responding to discovery also weighs in favor of a stay. Plaintiffs have brought broad conspiracy claims. As Plaintiffs' pre-litigation demand letter—cited by Defendants in their letter-motion—makes clear, Plaintiffs are seeking wide-ranging, expansive discovery. *See* Dkt. 50 at 3 ("Indeed, in a pre-litigation demand letter, Plaintiffs' Counsel stated that, in addition to 'documents and information concerning [the Plaintiff],' '[w]e will also be seeking in discovery of [sic] any other instances of denial of coverage for medical treatment, delay in medical treatment as a result of Emblem Health and/or other related malfeasance[.]'" (alterations in original)). Moreover, because Plaintiffs reside in North Carolina, a substantial portion of discovery will likely take place out of state, which further complicates discovery in this case.

Finally, since the Court intends to promptly rule on the Motions to Dismiss, Plaintiffs will face little prejudice from a stay. The only prejudice that Plaintiffs assert is their "right to proceed with this" case and need for "answers, not procedural posturing and indefinite delay." Dkt. 55 at 3. Some delay is, of course, an inherent feature of a discovery stay. *See Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17 Civ. 01765 (CSH), 2018 WL 1960112, at *3 (D. Conn. Apr. 26, 2018) ("Suffice it to say that a delay would prejudice Plaintiff, but no more so than any other litigant seeking prompt resolution of its claims."). Moreover, this case was only removed to this Court in mid-November. *See Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice."). Accordingly, while the Court understands Plaintiffs' desire for a prompt resolution of their claims, that desire is insufficient to tip the scales in favor of a stay.

### III. Conclusion

For the reasons stated above, Defendants' letter-motion for a stay is granted, and discovery is stayed pending the resolution of the Motions to Dismiss.

The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 50.

SO ORDERED.

Dated: March 8, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge