UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN VALENTINI, VALERIO VALENTINI, and VALERIO VALENTINI on behalf of his minor son M.V.,<br><br>　　　　　　　　　Plaintiff.<br>　-against-<br><br>GROUP HEALTH INCORPORATED, EMBLEM HEALTH, INC., CARECORE NATIONAL LLC d/b/a EVICORE, and JOHN DOES 1 AND 2,<br><br>　　　　　　　　　Defendants. | Civil Action No. 20-9526 (JPC)<br><br>ORAL ARGUMENT REQUESTED<br><br>Document Electronically Filed |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT EMBLEM HEALTH, INC.'S MOTION TO DISMISS THE COMPLAINT

E. Evans Wohlforth, Jr.
Charlotte M. Howells
Gibbons P.C.
One Gateway Center
Newark, NJ 07102
Tel: (973) 596-4500
Fax: (973) 596-4545

Benjamin A. Post*
Joshua T. Calo*
Post & Post LLC
200 Berwyn Park, Suite 102
920 Cassatt Rd.
Berwyn, PA 19312
Telephone: (610) 240-9180
Fax: (610) 240-9185
*admitted pro hac vice*

*Attorneys for Defendants Group Health Incorporated, Emblem Health, Inc., and CareCore National LLC d/b/a eviCore*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND & LEGAL STANDARD ............................................................. 3

ARGUMENT ................................................................................................................................ 3

    I.      ALL CLAIMS AGAINST EMBLEM SHOULD BE DISMISSED FOR THE REASONS SET FORTH IN EVICORE'S AND GHI'S MOTION TO DISMISS BRIEFING. ...................................................................................... 3

    II.     PLAINTIFFS FAIL TO ALLEGE ANY VIABLE CLAIM AGAINST EMBLEM BASED ON ITS OWN CONDUCT OR ITS STATUS AS GHI'S PARENT COMPANY. ............................................................................. 4

CONCLUSION ............................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*De Jesus v. Sears, Roebuck & Co.*,
  87 F.3d 65 (2d Cir. 1996)..................................................................................................5

*Degraziano v. Verizon Cmmc'ns*,
  325 F. Supp. 2d 238 (E.D.N.Y. 2004) ...............................................................................4

*In re Digital Music Antitrust Litig.*,
  812 F. Supp. 2d 390 (S.D.N.Y. 2011).................................................................................6

*Henneberry v. Sumitomo Corp. of Am.*,
  No. 04 Civ. 2128 (PKL), 2005 WL 1036260 (S.D.N.Y. May 3, 2005)..............................4, 5

*Herrera v. Navient Corps.*,
  No. 19-CV-06583, 2020 WL 396050 (E.D.N.Y. July 13, 2020).........................................4, 5

*Ludwig's Drug Store, Inc. v. Forest City Enters.*,
  No. 13-CV-6045 (MKB), 2016 WL 915102 (E.D.N.Y. Mar. 4, 2016) .................................4

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
  No. 14-CV-3826, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ........................................5, 6

*Wiederman v. Spark Energy, Inc.*,
  No. 19 CV 4564 (GBD) (DF), 2020 WL 3965258 (S.D.N.Y. Mar. 9, 2020)..........................5

*Zanfardino v. City of New York*,
  230 F. Supp. 3d 325 (S.D.N.Y. 2017).................................................................................4

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................................1

Fed. R. Civ. P. 12(b)(6).............................................................................................................1

Defendant, Emblem Health, Inc. ("Emblem") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint (ECF No. 1 at Ex. A (Compl.)) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). In addition to the arguments set forth herein, Emblem respectfully joins, adopts, and incorporates by reference, the Memorandum of Law in support of Defendant CareCore National LLC d/b/a eviCore's Motion to Dismiss the Complaint (ECF Nos. 18-19); the Memorandum of Law in support of Defendant Group Health Incorporated's Motion to Dismiss the Complaint (ECF Nos. 17, 19); and the Joint Reply Memorandum of Law in Further Support of Defendant CareCore National LLC d/b/a eviCore's and Group Health Incorporated's Motions to Dismiss the Complaint (ECF No. 49). For the reasons set forth below, and in the briefing submitted in support of CareCore National LLC d/b/a eviCore's and Group Health Incorporated's Motions to Dismiss, Emblem respectfully requests that this Court dismiss the Complaint, in its entirety, with prejudice.

## PRELIMINARY STATEMENT

On October 6, 2020, Plaintiffs filed suit in the Supreme Court of New York against Defendants Group Health Incorporated ("GHI"), CareCore National LLC d/b/a eviCore ("eviCore"), and Emblem Health, Inc. ("Emblem"), asserting tort claims for negligence (Count 1), medical malpractice (Count 2), prima facie tort (Count 3), fraud (Count 9), and conspiracy to commit fraud (Count 10), as well as derivative claims for "bad faith/punitive damages" (Count 5), loss of services (Count 7), and loss of guidance to a minor child (Count 8). (*See* Compl. ¶¶ 65-94, 104-110, 119-148.) Additionally, Plaintiffs assert claims against GHI and Emblem for breach of contract (Count 4) and breach of the implied covenant of good faith and fair dealing (Count 6). (*Id.* ¶¶ 95-103, 111-118.) eviCore removed the case to this Court on November 12, 2020 based on diversity of citizenship. (ECF No. 1, Notice of Removal.) On December 16, 2020, eviCore and

GHI each filed dispositive Motions to Dismiss the Complaint, which are now fully briefed and pending before this Court.  (*See* ECF Nos. 16-31, 43, 49.)

Until recently, Emblem had not been properly served, and therefore, it has not previously responded to Plaintiffs' Complaint.[1]  However, Defendants' Counsel was authorized and accepted service on behalf of Emblem effective February 22, 2021.  (*See* ECF No. 57, Ltr. Addressed to Judge John P. Cronan from E. Evans Wohlforth, Jr., Esq., dated 3/2/21).  Accordingly, Emblem now responds by filing its own Motion to Dismiss the Complaint.

The factual background of this case is thoroughly outlined in the Motion to Dismiss briefing filed on behalf eviCore and GHI.  In short, each of Plaintiffs' claims arise from allegations that Plaintiff Kathleen Valentini ("Plaintiff") was improperly denied pre-authorization for insurance coverage of a medical procedure.  GHI is alleged to be Plaintiff's health insurer, pursuant to its contract to provide health benefits to New York City employees and retirees.  (Compl. ¶¶ 3, 45.)  GHI contracted with eviCore to perform utilization review for the alleged insurance plan, including the pre-authorization at issue in this case.  (*Id.* ¶¶ 3, 31.)  And Emblem is GHI's parent company.  (*Id.* ¶ 3 (alleging GHI is "a wholly owned subsidiary of Emblem Health, Inc.").)  Each of Plaintiffs' claims arises from allegations that eviCore's initial denial of coverage was improper.

In support of this Motion, Emblem respectfully joins, adopts, and incorporates by reference, all of the Motion to Dismiss briefing filed on behalf of eviCore and GHI, including the Memorandum of Law in Support of Defendant CareCore National, LLC d/b/a eviCore's Motion to Dismiss the Complaint (ECF Nos. 18-19) (hereinafter "eviCore's Memorandum of Law"); the Memorandum of Law in Support of Defendant Group Health Incorporated's Motion to Dismiss the Complaint (ECF Nos. 17, 19) (hereinafter "GHI's Memorandum of Law"); and the Joint Reply

---

[1] *See, e.g.*, ECF No. 1, Notice of Removal at 4; ECF No. 8 (Ltr. Addressed to Judge John P. Cronan from E. Evans Wohlforth, Jr., Esq., dated 11/24/20 (regarding notice of GHI having been served via the Secretary of State)).

Memorandum of Law in Further Support of Defendant CareCore National LLC d/b/a eviCore's and Group Health Incorporated's Motions to Dismiss the Compliant (ECF No. 49) (hereinafter "Joint Reply Memorandum of Law"). Since Plaintiffs' claims against Emblem are identical to the claims against GHI, and are based only on the fact that Emblem is GHI's parent company, the arguments advanced by eviCore and GHI are equally applicable to Emblem. Emblem writes separately only to supplement the prior briefing with additional arguments that are specific to Emblem, based on its more attenuated connection to the events at issue in this case.

As discussed more fully herein, and in eviCore's and GHI's Motion to Dismiss briefing, Plaintiffs have failed to allege any viable causes of action against Emblem, and the Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND & LEGAL STANDARD

Emblem adopts, incorporates by reference, and relies upon, the detailed statement of facts and statement of the applicable legal standard, as set forth in eviCore's Memorandum of Law.

## ARGUMENT

**I.  ALL CLAIMS AGAINST EMBLEM SHOULD BE DISMISSED FOR THE REASONS SET FORTH IN EVICORE'S AND GHI'S MOTION TO DISMISS BRIEFING.**

In support of its Motion, Emblem joins, adopts, and incorporates by reference, all of the arguments set forth in eviCore's and GHI's Memoranda of Law, as well as their Joint Reply Memorandum of Law.

Plaintiffs' claims against Emblem are identical to those asserted against GHI, in that they are based on eviCore's utilization review activities, GHI's contractual relationships eviCore and Plaintiff, and Plaintiffs' general allegations of fraudulent conduct by "[t]he Defendants" (*e.g.*, Compl. ¶ 144.) The only additional allegations that specifically address Emblem describe that GHI is "a wholly owned subsidiary of Emblem" (*Id.* ¶ 3; *see also id.* at 17 ("GHI is wholly-owned

3

subsidiary of Emblem Health.").)  Accordingly, because the Complaint does not set forth any separate or independent basis for liability against Emblem, the arguments set forth by eviCore and GHI are equally applicable to Emblem.  *See, e.g.*, *Ludwig's Drug Store, Inc. v. Forest City Enters.*, No. 13-CV-6045 (MKB), 2016 WL 915102, at *10-21 (E.D.N.Y. Mar. 4, 2016) (holding dismissal of all claims against parent company was warranted because complaint did not allege any conduct by that entity); *Zanfardino v. City of New York*, 230 F. Supp. 3d 325, 338 (S.D.N.Y. 2017) (describing how there can be no vicarious liability imputed against a principal in the absence of underlying liability).

For the reasons described in eviCore's and GHI's Motion to Dismiss briefing, each of Plaintiffs' claims against Emblem should also be dismissed with prejudice.

## II.     PLAINTIFFS FAIL TO ALLEGE ANY VIABLE CLAIM AGAINST EMBLEM BASED ON ITS OWN CONDUCT OR ITS STATUS AS GHI'S PARENT COMPANY.

Even if any claims against eviCore or GHI survive, Plaintiffs fail to allege sufficient facts to support any viable cause of action against Emblem.  As indicated above, Plaintiffs do not allege any independent conduct by Emblem, nor do they allege that Emblem had any direct contractual relationship with Plaintiffs or eviCore.  Under these circumstances, Plaintiffs' allegation that GHI is "a wholly owned subsidiary of Emblem" is insufficient to support a viable claim against Emblem under any theory of liability.

"Under New York law, 'a parent company is not automatically liable for the acts of its wholly-owned subsidiary.'" *Henneberry v. Sumitomo Corp. of Am.*, No. 04 Civ. 2128 (PKL), 2005 WL 1036260, at *3 (S.D.N.Y. May 3, 2005) (quoting *Degraziano v. Verizon Cmmc'ns*, 325 F. Supp. 2d 238, 245 (E.D.N.Y. 2004)).  On the contrary, "a corporate relationship alone is generally 'not sufficient to bind a [parent corporation for the actions of its subsidiary].'" *Herrera v. Navient Corps.*, No. 19-CV-06583, 2020 WL 396050, at *3 (E.D.N.Y. July 13, 2020) (alteration in

original) (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996)). "In order to state a plausible claim that a parent company may be held directly liable for the acts of its subsidiary, a plaintiff must allege facts supporting an inference that the parent company engaged in the conduct at issue, and general, conclusory allegations are not sufficient." *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826, 2015 WL 5579872, at *29 (E.D.N.Y. Sept. 22, 2015). Likewise, conclusory statements that a parent company "exercised control over the activities of [its] subsidiary" are also "insufficient to survive a motion to dismiss." *Henneberry*, 2005 WL 1036260, at *3.

Here, Plaintiffs' Complaint does not allege any independent conduct by Emblem. The Complaint is likewise devoid of allegations which plausibly suggest that Emblem controlled the activities of GHI or eviCore, as would be required to support a theory of imputed liability. Thus, for this reason also, each of Plaintiffs' claims against Emblem must be dismissed. *See Herrera*, 2020 WL 3960507, at *3 (dismissing claims against parent company where complaint failed to plausibly allege independent conduct, or "actual dominion" over subsidiary entities).

Similarly, as to Plaintiffs' contract-based claims against Emblem, the Complaint also fails to plausibly allege a contractual relationship between Plaintiff and Emblem. Rather, the Complaint alleges that *GHI* was "[Plaintiff]'s medical insurance company" (Compl. ¶ 3) and "contracts with eviCore" to perform utilization review of pre-authorization requests (*Id.* ¶¶ 3, 31.) Thus, there is no plausible basis to infer contractual privity between Plaintiff and Emblem, as required to state a claim for either breach of contract, or breach of the implied covenant. *See Wiederman v. Spark Energy, Inc.*, No. 19 CV 4564 (GBD) (DF), 2020 WL 3965258, at *8-10 (S.D.N.Y. Mar. 9, 2020) (dismissing breach of contract claim against parent company where plaintiff failed to allege that

parent company was either a party to the contract, or exercised "complete dominion" over its subsidiary).

Finally, Plaintiffs' conclusory allegation that the Defendants engaged in "deliberate and calculated effort[s] to reduce costs and expenses to Emblem Health" is insufficient to support a claim for fraud, conspiracy to commit fraud, or any other cause of action against Emblem. (*See* Compl. ¶ 58.) As set forth in eviCore's and GHI's Memoranda of Law, the Complaint fails to sufficiently allege any fraudulent conduct or agreement by *any* of the Defendants. In any event, there are absolutely no factual allegations which even suggest that *Emblem* engaged in any such conduct. *See In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 417 (S.D.N.Y. 2011) (holding that "generic references to 'defendants'" were insufficient to support claim that parent companies were involved in alleged conspiracy); *Stoltz*, 2015 WL 5579872, at *29 (collectively referring to defendants, without distinguishing conduct of each corporate entity, fails to support cause of action against parent company).

Accordingly, for all of these additional reasons, the Complaint against Emblem should be dismissed in its entirety with prejudice.

## CONCLUSION

For the reasons stated above, and the reasons set forth in eviCore's and GHI's briefing in support of their Motions to Dismiss, Plaintiffs have failed to allege any viable cause of action against Emblem. Accordingly, Emblem respectfully requests that this Court dismiss the Complaint, in its entirety, with prejudice.

Respectfully submitted,

Dated: March 15, 2021

By: *s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr.
Charlotte M. Howells
Gibbons P.C.
One Gateway Center
Newark, NJ 07102
Tel: (973) 596-4500
Fax: (973) 596-4545

Benjamin A. Post*
Joshua T. Calo*
Post & Post LLC
200 Berwyn Park, Suite 102
920 Cassatt Rd.
Berwyn, PA 19312
Telephone: (610) 240-9180
Fax: (610) 240-9185
*admitted pro hac vice*

*Attorneys for Defendants CareCore National LLC d/b/a eviCore, and Group Health Incorporated*

7